UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORILLARD TOBACCO COMPANY,

        Case No. 10-13296

    Plaintiff,        Honorable Patrick J. Duggan

v.

AMANA OIL, INC. d/b/a 16 AND
HARPER MOBIL,

    Defendant.
_____/

## ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 28, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

This matter is before the Court on Plaintiff's Motion for Clarification of Opinion and Judgment, filed July 18, 2011. This motion pertains to an Opinion and Order dated July 7, 2011, and a Judgment issued that same day. In that Opinion and Order, the Court granted in part Plaintiff's Motion for Summary Judgment. The Judgment awarded Plaintiff damages of $16,000 and a permanent injunction prohibiting further infringement. Plaintiff seeks clarification regarding whether any issues of fact remain to be tried and whether the Judgment is a final judgment resolving all issues in the case.

In its Opinion and Order, the Court concluded that a genuine dispute of fact remains as to whether Defendant infringed willfully on Plaintiff's trademarks. The Court therefore

denied Plaintiff summary judgment on the issue of willful infringement.

With respect to damages, the Court concluded that the scope of the infringement in this case failed to justify the damages sought by Plaintiff. The evidence suggested that Defendant purchased forty cartons of counterfeit cigarettes from an unknown supplier, and if it had sold all of those cigarettes, it would have accrued additional profits of less than $500. The evidence further indicated that this infringement was limited to recent sales, as Defendant had purchased substantial amounts of Lorillard cigarettes from a reputable supplier less than two months before the seizure of the counterfeit cigarettes. Because the alleged infringement was so limited in scope, the Court concluded that it could not justify Plaintiff's requested damages of $200,000 for each of the eight marks at issue, totaling $1.6 million. The Court concluded that an award near the lower end of the statutory range was more appropriate, and awarded Plaintiff damages of $2,000 per mark, totaling $16,000.

The only consequence of a finding of willful infringement is that the Court would have the discretion to award damages in excess of $200,000 per mark. *See* 15 U.S.C. § 1117(c)(2). Because the Court has concluded that such damages would be unjust, the issue of willfulness is immaterial. Accordingly, no trial is necessary.

The Judgment accompanying the Court's Opinion and Order contains no language indicating that it is anything other than a final judgment. However, because Plaintiff has sought clarification, the Court now expressly states that it considers that Judgment final.

**SO ORDERED**.

3

                                                            s/PATRICK J. DUGGAN
                                                            UNITED STATES DISTRICT JUDGE

Copies to:
Kathleen A. Lang, Esq.
Kelly M. Haladyna, Esq.
Brian C. Summerfield, Esq.